UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: LVNV FUNDING, LLC, FAIR DEBT
COLLECTION PRACTICES ACT (FDCPA)
LITIGATION                                                              MDL No. 2610


ORDER DENYING TRANSFER


      **Before the Panel:** Plaintiff in an action pending in the Northern District of Illinois (*Rawson*) moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of Illinois. This litigation currently consists of twelve actions pending in eight districts, as listed on Schedule A.[1] Plaintiffs in each of these actions allege that they received a letter seeking to settle a years-old consumer debt that failed to disclose that the applicable statute of limitations barred litigation to collect the debt. Plaintiffs claim that this failure to disclose violates the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*. Although these actions involve different defendants, movant argues that every action either names LVNV Funding, LLC (LVNV) as a defendant or involves the attempted collection of a debt owned by LVNV.

      While all responding defendants oppose centralization, several propose different transferee districts in the alternative. Defendants Capital Management Services, LP, CMS General Partner LLC, and CMS Group, Inc., alternatively suggest the Western District of New York as the transferee district. Defendant Convergent Outsourcing, Inc. (Convergent) alternatively suggests the Western District of Texas as the transferee district.

      On the basis of the papers filed and the hearing session held, we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. These actions share some factual questions arising from allegations that one or more of the defendants sent plaintiffs a dunning letter seeking to collect a consumer debt without revealing that the applicable statute of limitations had expired. But, as in *In re Convergent Outsourcing, Inc., Fair Debt Collection Practices Act (FDCPA) Litigation*, MDL No. 2601, __ F. Supp. 3d __, 2015 WL 506393 (J.P.M.L. Feb. 5, 2015) (involving similar claims and several of the same actions listed on the present motion), these common questions are not sufficiently complex or numerous to warrant the creation of an MDL. There is no dispute regarding the content of these letters, only whether the failure to state that litigation to collect the debts was time-barred renders them misleading under the FDCPA. And, unlike the motion to centralize the Convergent litigation, the actions on the present motion involve different defendants and letters from at least six different debt collection agencies.

---

     [1] There were thirteen actions initially listed on the motion to centralize, but an action pending in the District of South Carolina has since been dismissed.

- 2 -

Furthermore, there is limited overlap among the putative (and, in one action, certified) classes asserted in these actions. Thus, there exists only a limited risk of conflicting pretrial rulings with respect to class certification. With the exception of a non-common nationwide putative class asserted in the *Rawson* action, all of the asserted classes are state classes. The overlap between the classes asserted in the actions pending in the Southern District of Texas can be disregarded because the same plaintiff brought each of those actions. While there is some overlap among the classes asserted in several of the actions pending in the Northern District of Illinois and other districts located in the Seventh Circuit, these actions have been proceeding without centralization (or, indeed, any other formal means of consolidation or coordination) for several years and are now nearing the conclusion of pretrial proceedings.

This raises perhaps the most significant obstacle to centralization of these actions. The five actions pending in the Northern District of Illinois, the Central District of Illinois, and the Northern District of Indiana are considerably more advanced procedurally than the other actions on the motion. Fact and expert discovery has or will soon close in each of these actions. A class already has been certified in *Rawson*, which has been pending since 2011. And, a settlement has been announced in the action pending in the Central District of Illinois. Pretrial proceedings in these actions thus are drawing to a close. In contrast, the remaining seven actions on the motion (which involve three different debt collector defendants) only recently have been filed. Centralization of such procedurally disparate actions does not serve the purposes of Section 1407. *See In re Reglan/Metoclopramide Prods. Liab. Litig.*, 622 F. Supp. 2d 1380, 1381 (J.P.M.L. 2009).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell          Charles R. Breyer
Lewis A. Kaplan              Ellen Segal Huvelle
R. David Proctor             Catherine D. Perry

**IN RE: LVNV FUNDING, LLC, FAIR DEBT
COLLECTION PRACTICES ACT (FDCPA)
LITIGATION**                                                                 MDL No. 2610

## SCHEDULE A

    Central District of California

WURDEMANN v. FIRST NATIONAL COLLECTION BUREAU, INC., ET AL.,
    C.A. No. 5:14-02075

    Northern District of California

PATHMAN v. CONVERGENT OUTSOURCING, INC., ET AL., C.A. No. 3:14-04303

    Middle District of Florida

RIFFLE v. CONVERGENT OUTSOURCING, INC., ET AL., C.A. No. 6:14-01181

    Northern District of Georgia

LOPEZ v. CONVERGENT OUTSOURCING, INC., ET AL., C.A. No. 1:14-03901

    Central District of Illinois

DELGADO v. CAPITAL MANAGEMENT SERVICES, LP, ET AL.,
    C.A. No. 4:12-04057

    Northern District of Illinois

RAWSON v. SOURCE RECEIVABLES MANAGEMENT, LLC, ET AL.,
    C.A. No. 1:11-08972
MCMAHON v. LVNV FUNDING, LLC, ET AL., C.A. No. 1:12-01410
DOLEMBA v. NORTHLAND GROUP INC., C.A. No. 1:13-05308

    Northern District of Indiana

ANGUIANO, ET AL. v. LVNV FUNDING LLC, ET AL., C.A. No. 2:12-00523

    Southern District of Texas

KEETON v. TATE & KIRLIN ASSOCIATES, ET AL., C.A. No. 1:14-00130
KEETON v. CONVERGENT OUTSOURCING, INC., ET AL., C.A. No. 1:14-00131
KEETON v. CONVERGENT OUTSOURCING, INC., ET AL., C.A. No. 1:14-00132